**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4230**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

REGINALD DARWIN MORTON, a/k/a Jay, a/k/a Boogie, a/k/a
Jason, a/k/a Novacaine,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  James P. Jones, District
Judge. (1:08-cr-00024-JPJ-PMS-14)

_____

Submitted:  November 29, 2012    Decided:  December 17, 2012

_____

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Helen Eckert Phillips, ALLEN, KOPET & ASSOCIATES, PLLC, Bristol,
Virginia, for Appellant. Timothy J. Heaphy, United States
Attorney, Jennifer R. Bockhorst, Assistant United States
Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Reginald Darwin Morton of conspiracy to possess with intent to distribute and distribute more than fifty grams of cocaine base ("crack") and less than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court initially sentenced Morton to 240 months of imprisonment. On appeal from the judgment, we affirmed the conviction, but vacated the sentence and remanded for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). On resentencing, the court sentenced Morton to 210 months of imprisonment, and he again appeals. For the reasons that follow, we affirm.[*]

Morton first argues that the district court erred in failing to apply the Fair Sentencing Act ("FSA") to determine the statutory penalties applicable to Morton. However, in his opening brief, Morton fails to properly raise this issue and has therefore forfeited appellate review. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (finding conclusory single sentence in brief "insufficient to raise on

---

[*] In addition to the arguments raised by appellate counsel, Morton filed a pro se supplemental brief raising additional issues. We have considered the issues raised in Morton's pro se brief and conclude that they lack merit.

2

appeal any merits-based challenge to the district court's ruling").

Even were we to consider this issue, however, Morton is not entitled to relief. When considering whether preserved procedural sentencing errors require resentencing, we apply a harmless error standard. See United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010). Accordingly, we may affirm a sentence despite such an error if the government demonstrates that the error "did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that" the district court's judgment was not affected by the error. Id. (internal quotation marks and alterations omitted).

Prior to the enactment of the FSA, a defendant who was held responsible for more than fifty grams of crack was subject to a term of imprisonment between ten years and life. See 21 U.S.C. § 841(b)(1)(A) (2006). Under the FSA, however, in order to be subject to a statutory mandatory minimum of ten years of imprisonment, a defendant must be found to have been responsible for 280 grams or more of crack. See 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 2012). If the defendant was responsible for less than 280 but more than twenty-eight grams of crack, the applicable statutory penalties range from five to forty years of imprisonment. See 21 U.S.C.A. § 841(b)(1)(B) (West Supp. 2012). In Dorsey v. United States, 567 U.S. ___, 132 S. Ct. 2321

3

(2012), the Supreme Court determined that the FSA applies to defendants who committed their offenses prior to the effective date of the Act, August 3, 2010, but who were sentenced after that date.

Here, the jury determined that Morton was responsible for more than fifty grams of crack under the statute, and he was resentenced after August 3, 2010. Therefore, the applicable statutory penalties were between five and forty years of imprisonment. At the resentencing hearing, however, the district court erroneously stated that the statutory mandatory minimum was ten years of imprisonment. While this was error, we conclude that the Government has established that the error was harmless.

Morton next argues on appeal that the district court erred in failing to distinguish between crack/cocaine base and powder cocaine in calculating the drug weight. As Morton failed to raise this argument before the district court, we decline to consider it on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) ("[I]ssues raised for the first time on appeal generally will not be considered . . . [unless] refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice."). In any event, it is clear that the district court correctly applied the mandate rule in concluding that it could not on remand

4

reconsider the drug weight for which Morton was responsible as Morton failed to challenge the drug weight in his initial appeal. See United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2012) (mandate rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived).

Finally, Morton argues that the district court abused its discretion by failing to adequately consider his post-sentencing rehabilitation on resentencing. Again, Morton has failed to preserve this argument by failing to properly raise it in his opening brief. See Johnson, 440 F.3d at 653 n.7. Regardless, we conclude that the district court properly considered Morton's arguments related to his post-sentencing conduct. The court explicitly discussed Morton's rehabilitation, along with other factors that the court considered important, when sentencing Morton to the low end of the advisory Guidelines range to which the district court had already downwardly departed.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5